**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL W. KELLER,<br><br>　　Plaintiff<br><br>v.<br><br>DARRIN BALAAM, et al.,<br><br>　　Defendants | Case No.: 3:25-cv-00224-ART-CSD<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0, and his average monthly deposits were $0.

Plaintiff's application to proceed IFP should be granted. Plaintiff should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must

make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants: Washoe County Sheriff Darrin Balaam, Reno Mayor Hillary Schieve, Governor Lombardo, Lindsay Holland (owner of Inspirational Counseling) and Washoe County Sheriff's Deputy Simmons.

Plaintiff alleges the Defendants accepted bribes to ignore cases that he filed. He also states that he has contacted every level of government for help with an ongoing stalking case,

only to be met with slander and incarceration on false charges. His complaint includes three claims.

The first claim references the Sixth Amendment, and alleges he was forced to enter a guilty plea or face the threat of harm or death. He avers that on March 19, 2025, Judge Jones asked Plaintiff to go into a room with three public defenders: Manuel Murillo, Sydney Hutt, and Jordan Davis. He claims that all of these people were approached by "the ones who stole my inheritance, murdered my life partner, and have stalked me for years." He states that rather than do their jobs, they took bribes and put Plaintiff in prison.

Claim two also references the Sixth Amendment. Plaintiff alleges that Sheriff Balaam, along with many of his officers, including Deputy Simmons, Deputy Medina, Sergeant Garcia, Deputy Bollinger, and all Cold Springs Valley patrol sought to "decimate me, my home and my partner of 31.5 [years]" by ignoring Plaintiff's report and cries for help.

In claim three, Plaintiff alleges that while he was incarcerated at the Washoe County Detention Center, his mail was intentionally sabotaged, and the named Defendants stopped outgoing protection order motions and other legal correspondence related to open cases.

Plaintiff fails to state any claim upon which relief may be granted. 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by

conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

Plaintiff does not provide sufficient *facts* to plausibly support a claim that his rights were violated under the constitution. First, Plaintiff claims that he was forced to enter into a plea, but he has not named his public defenders as defendants in this action. In any event, a public defender, when acting in role of advocate, is not a State actor for purposes of section 1983. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Moreover, a Sixth Amendment ineffective assistance of counsel claim must be raised in a direct appeal, post-conviction, or habeas proceeding, and not in a section 1983 action. Claims for ineffective assistance of counsel are not recognized under section 1983, despite the statute's "literal applicability" to the Sixth Amendment, because specific appellate and habeas statutes apply. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

As such, any Sixth Amendment claim related to the allegation of being forced to enter into a plea agreement should be dismissed. Plaintiff should not be given leave to amend to assert such a claim in this action, but the dismissal should be without prejudice so that he may raise the claim, if appropriate, in a direct appeal, post-conviction or habeas proceeding.

Plaintiff's second claim, that Sheriff Balaam and his officers sought to "decimate" Plaintiff, his home and his partner, does not contain sufficient *factual* allegations for the court to discern what rights Plaintiff claims were violated, by whom, and how. In an abundance of caution, this claim should be dismissed with leave to amend.

In his third claim, Plaintiff does not allege who allegedly sabotaged his mail or when this occurred and how his mail was "sabotaged." Therefore, his claim that his First Amendment rights were violated when his mail was sabotaged should be dismissed but with leave to amend.

Finally, there are no *factual* allegations at all concerning any of the named defendants. Any amended complaint must include factual allegations of what each defendant did to violate Plaintiff's rights.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff should not be required to pay, through NDOC, an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED.** The Sixth Amendment claim for ineffective assistance of counsel should **DISMISSED, WITHOUT LEAVE TO AMEND** in this action,

but **WITHOUT PREJUDICE** to be raised, if appropriate in a direct appeal, post-conviction or habeas proceeding. The remaining claims should be **DISMISSED WITH LEAVE TO AMEND**. Plaintiff should be given 30 days from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." Plaintiff should be cautioned that if he fails to timely file an amended complaint, his action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 15, 2025

_____
Craig S. Denney
United States Magistrate Judge